UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE

CASE NO.: 19-cv-62782-RKA

ATM METABOLICS, LLC,

*Plaintiff*,

vs.

HOLISTA COLLTECH, LTD,
IGALEN, INC., and DR. RAJENDRAN
MANICKAVASAGAR,

Defendants.
_____/

## **DEFENDANTS' MOTION TO SET ASIDE CLERK'S DEFAULT**

COMES NOW, the Defendants, HOLISTA COLLTECH, LTD., IGALEN, INC., and DR. RAJENDRAN MANICKASAGAR (hereinafter referred to as "DEFENDANTS"), who hereby file the present motion to set aside the Clerk's Defaults entered on January 23, 2020, January 28, 2020, and February 10, 2020, and as good cause therefore Defendants rely on the following memorandum of law:

## **MEMORANDUM OF LAW**

### I. Introduction

This matter arises from an underlying lawsuit between the parties, and a settlement agreement reached in that lawsuit. Plaintiff has filed a claim for breach of the settlement agreement and specific performance. Defendants hereby ask the court to set aside the clerk's default entered against each defendant because the defaults did not arise from the Defendants' willful or culpable neglect, the plaintiff will not be harmed by

1

setting aside the default, and Defendants have meritorious defenses to the claims raised by plaintiff and should be allowed to present those defenses to a fact finder.

## II.     Standard to Set Aside Clerk's Default

It is well-established that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir.1993).  Rule 55(c), Federal Rules of Civil Procedure, provides in relevant part that "[f]or good cause shown the court may set aside an entry of default." "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one-but not so elastic as to be devoid of substance." *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir.1989). Good cause is not a precise standard, and Courts should consider whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. *See Robinson v. United States*, 734 F.2d 735, 739 (11th Cir.1984).

### III.     The Defendants have acted quickly to respond to this lawsuit. The failure to respond sooner was due in part to ongoing efforts to comply with the allegedly breached settlement agreement, and failure to provide notice to the proper parties.

The Defendants in this matter are all related parties.  Holista Colltech, Ltd. is an Australian corporation with Dr. Manicka acting as its CEO and Managing Director. IGalen, Inc. is a Delaware corporation with Dr. Manicka again acting as a CEO and co-founder of the company.  In short, Dr. Manicka is the person who can take action should a lawsuit be threatened against either company.

After the parties reached their settlement agreement in the underlying matter on September 30, 2019 the Defendants attempted to comply with the agreement.  In November of 2019 Plaintiffs threatened to file suit for breach of the settlement agreement

due to unforeseen delays.  The parties counsels discussed issues related to the settlement agreement, and additional time was given.  Ultimately the underlying lawsuits were dismissed and Defendants' counsel closed its file.

Plaintiff did in fact file the present suit, and Defendants' former counsel informed Plaintiff it no longer represented the Defendants and could not accept service on their behalf.  Dr. Manicka continued to discuss the settlement dispute with the CEO of ATM Metabolics directly.  *See Sworn Declaration of Dr. Rajen Manicka*, attached hereto as Exhibit "A", ¶ 6.  At no point did ATM's CEO inform Dr. Manicka of continuing to pursue the filed lawsuit.  Instead, ATM's CEO assured Dr. Manicka they could work out the dispute outside of court.  Id.  This communication lasted up until February 14, 2020.  Id.

Shortly thereafter ATM's CEO stopped corresponding or talking with Dr. Manicka, and Dr. Manicka was sent the notices of the clerk's defaults.  Dr. Manicka acted quickly to obtain counsel, and counsel is now responding on behalf of the Defendants. Besides initial service of process no effort was made to alert Dr. Manicka or the Defendants about the intent to pursue this claim until the defaults were sent.  Id.  Action has been taken quickly thereafter to respond to this suit, and Plaintiff will suffer no harm by allowing defendants to assert their affirmative defenses and have these claims decided based on merit.

> **IV. Defendants have meritorious defenses that should be considered by this court, including impossibility of performance, satisfaction and accord, and overall damage limitation.**

Setting aside the defaults in this matter will allow the court to consider the merits of plaintiff's claims and the affirmative defenses of the Defendants.  *See Fla. Physician's*

3

*Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir.1993). For example, the allegations contained in paragraph nine of the complaint were completed by the Defendants one day after the lawsuit was filed after giving a thorough explanation of why it had not been issued in compliance with the deadline. Exhibit "A", ¶¶ 6-7.

The specific performance that plaintiff is seeking has already been performed for the majority of the settlement agreement. Portions of it were performed and accepted by plaintiff. Some were not performed until after the deadline due to impossibility of performance. Exhibit "A", ¶ 6. All of this was noted by the Defendants to the plaintiff as the settlement process played out. Exhibit "A", ¶ 8. Even after the filing of this suit Dr. Manicka spoke with Plaintiff's CEO and was attempting to work through the remaining issues from the settlement agreement. He was given the impression this lawsuit was stayed as the parties worked things out, and Dr. Manicka sent an email documenting what needed to be done to ATM's CEO.

Lastly, as to the allegation that damages did arise out of the alleged failure on the part of the Defendants, those damages are either non-existent or insignificant. The Defendants should be allowed to cross examine plaintiff and its experts regarding the extent of the alleged damages since damages are an essential element of any breach of contract claim.

### V.     Conclusion

It is unfortunate that a resolved lawsuit has led to new litigation. The Defendants have tried their best to live up to the agreement, and have meritorious defenses to present to the court and a jury should this case proceed. Although defaults have been entered

4

against the Defendants, those defaults were not brought about due to the willful neglect of the Defendants, and they should be set aside so this case can be decided on its merits.

                    MORALES INJURY LAW, P.A.
                    Attorneys for Defendants
                    1440 Brickell Bay Dr. Ste 610
                    Miami, Florida 33131
                    Telephone: (305) 793-5252
                    Email: ericcharlesmorales@gmail.com
                    By: __/s/__ Eric C. Morales
                    ERIC C. MORALES
                    FLORIDA BAR # 91875

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of March 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. Service was made to all parties on the attached service list.

                    By: __/s/__ Eric C. Morales
                    ERIC C. MORALES
                    FLORIDA BAR # 91875

## SERVICE LIST
### ATM METABOLICS, LLC v. HOLISTA COLLTECH, LTD et al.
### CASE NO.: 19-cv-62782-RKA
### United States District Court, Southern District of Florida

**Adam Scott Goldman**
The Concept Law Group
6400 N Andrews Ave, STE 500
Ft. Lauderdale, FL 33309
(754) 300-1500
Fax: 754-300-1501
Email: agoldman@conceptlaw.com

**Alexander Daniel Brown**
The Concept Law Group, P.A.
6400 North Andrews Ave, STE 500
Fort Lauderdale, FL 33309
United Sta
754-300-1500

Fax: 754-300-1501
Email: abrown@conceptlaw.com